IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF GEORGIA
ATHENS DIVISION

| | |
|---|---|
| BRITAIN AUTO GROUP LLC,<br><br>*Plaintiff,*<br><br>v.<br><br>CASEY JACKSON AND CASEY JACKSON FORD, LLC,<br><br>*Defendants.* | CIVIL ACTION FILE NO.<br>3:26-CV-00056-TES |

**STIPULATED CONFIDENTIALITY ORDER**

With the parties' consent, the Court enters this Confidentiality Order to protect the confidentiality of certain sensitive documents and information exchanged by the parties.

1. *Definitions.*

   a. "Action" means the civil action between the parties.

   b. "Confidential Information" means all documents, testimony, and other information that have been designated as confidential under this Confidentiality Order.

   c. "Document" has the meaning given to it by Rule 34 of the Federal Rules of Civil Procedure;

2. *Scope.* This Confidentiality Order applies to and will govern all depositions, documents produced in response to requests for production of documents, answers to interrogatories, responses to requests for admissions, and all other discovery in written, oral, electronic, or other form that the disclosing party designates as confidential that is furnished, directly or indirectly, by or on behalf of any party in connection with this Action.

3.      *Confidential Information.* A party will designate material as confidential only when that party believes in good faith that the designated material comprises or reflects sensitive information that is not generally known to the public and that the party, as of the date of production, would normally not reveal to outside parties or would require outside parties to maintain in confidence.

4.      *Protection of Confidential Material.*

(a)      *General Protections.* Confidential Information may not be used for any purpose other than prosecuting or defending this action, and the use of Confidential Information in this case must comply with this Confidentiality Order.

(b)      *Designation of Documents.* A party may designate a document as confidential before producing it by marking it, and all copies of it, as "CONFIDENTIAL – SUBJECT TO CONFIDENTIALITY ORDER" in a way that does not affect the legibility of the document. If a document is in a form that cannot accept such a marking, the party disclosing the document will designate it as confidential in writing at the time it delivers the document to the receiving party. A document designated as confidential will be treated as Confidential Information unless and until the parties agree or the Court orders otherwise.

(c)      *Designation of Deposition Testimony.* A party may designate depositions or other testimony as confidential by either stating orally on the record during the deposition that the information is confidential and subject to this Confidentiality Order or by sending written notice within 30 days after receipt of the transcript designating by page and line the portions of the transcript of the deposition or other testimony that is confidential and subject to this Confidentiality Order. Testimony designated as confidential will be treated as Confidential Information unless and until the parties agree or the Court

2

orders otherwise. Testimony that is not designated as confidential on the record will nevertheless be treated as confidential for 30 days after receipt of the deposition transcript by counsel for the witness. After the 30-day period, all portions of any deposition transcript not designated as confidential under this Confidentiality Order will not be deemed confidential.

(d)     *Applicability to Confidential Materials Produced by Third Parties.* A third party subject to a subpoena or request for production of documents issued by a party may identify the documents, information, or material ("Third-Party Material") produced as confidential or designate deposition or other testimony given by the third party or its representatives as confidential subject to the requirements of Paragraph 3 above. Such confidential materials, marked or noticed in accordance with Paragraph 4(b), will be subject to the same restrictions as Confidential Information designated by a party. Additionally, if a party's information is disclosed by a third party, then the party will have 15 business days after that party receives notice of such disclosure by the third party to designate the information as confidential under this Confidentiality Order. Between receiving notice of disclosure and the deadline to designate such Third-Party Material, the Third-Party Material will be treated as confidential.

(e)     *Permitted Disclosures.* The parties and counsel for the parties will not disclose or permit the disclosure of any Confidential Information designated as such under this Confidentiality Order to any person or entity who is not a party to this action except (1) the employees of counsel who have responsibility for this case; (2) the employees of the parties with a need to know such information for purposes of this case; (3) the Court, any necessary Court personnel, and jurors; (4) court reporters and recorders engaged by either

3

party during this case; (5) vendors specifically engaged to make copies of documents or organize or process documents, including outside vendors hired to process electronically stored documents, in the case; (6) consultants, investigators, or experts employed by the parties or counsel for the parties to assist in the preparation or presentation of this case; (7) an author or prior recipient of the confidential materials, i.e., one who received the confidential materials other than through this action; (8) a witness during his or her deposition or hearing testimony in this case, provided, however (i) Confidential Information may be shown to the witness only during the deposition or examination and must be reasonably related to a legitimate line of questioning of the witness given the witness's qualifications and knowledge; (ii) the witness (if not already authorized to receive the Confidential Information) is expressly informed that the information is governed by the terms of this Confidentiality Order; and (iii) if in a deposition, only the witness, the witness's counsel, and other persons authorized to receive the Confidential Information are present at the deposition; and (9) a witness during preparation for his or her deposition or other testimony as long as (i) it is reasonably related to a likely line of questioning of the witness given the witness's qualifications and knowledge, and (ii) counsel expressly informs the witness that the information is governed by the terms of this Confidentiality Order. Witnesses may not retain a copy of documents containing Confidential Information, except witnesses may receive a copy of all exhibits marked in their depositions in connection with their review and correction of the transcripts, which exhibits will be returned (including all copies) upon the earlier of his or her review of the transcript or the deadline applicable to his or her review of the transcript. Notwithstanding the foregoing, nothing in this Confidentiality Order is intended to expand or limit discovery on third parties. The parties

reserve the right to seek appropriate relief from the Court should one party seek to disclose Confidential Information to a third-party witness that the other party believes should not be allowed to see such Confidential Information.

(f)     *Control of Documents.* Anyone who receives Confidential Information under this Confidentiality Order must maintain it in a secure and safe area and use reasonable efforts to maintain the confidentiality of such information.

5.     *Inadvertent Failure to Designate.* An inadvertent failure to designate a document as confidential does not, standing alone, waive the right to so designate the document, except that failure to serve a timely notice of designation of deposition testimony as required by this Confidentiality Order, even if inadvertent, waives any protection for deposition testimony. If a party designates a document as confidential after it was initially produced, then the receiving party, on notice of the designation, must make a reasonable effort to treat the document as confidential under this Confidentiality Order. But no party will be found to have violated this Confidentiality Order for failing to maintain the confidentiality of material during the time that the material was not designated as confidential, even where the failure to so designate was inadvertent, and where the material is later designated as confidential.

6.     *No Greater Protection of Specific Documents.* Except on privilege grounds not addressed by this Confidentiality Order, no party may withhold information from discovery on the ground that it requires protection greater than that afforded by this Confidentiality Order, unless the party promptly moves for an order providing such protection under Rule 26 of the Federal Rules of Civil Procedure.

7.    *Challenges by a Party to Designation as Confidential Information.* The designation of any material or document as confidential is subject to challenge by any party under the following procedure:

(a)    *Meet and Confer.* A party challenging the designation of Confidential Information must do so in good faith and begin the process by conferring directly with counsel for the designating party. In conferring, the challenging party must explain the basis for its belief that the confidentiality designation was not proper and must give the designating party an opportunity to review the designated material, to reconsider the designation, and, if no change in designation is offered, to explain the basis for the designation. The designating party must respond to the challenge within five business days.

(b)    *Court Intervention.* A party that challenges a confidentiality designation may file and serve a motion that identifies the challenged material and sets forth in detail the basis for the challenge if the parties do not resolve the dispute through the meet-and-conferral. Such motions will be filed only after the movant has complied with the meet and confer requirement of this procedure. The burden of persuasion in any such challenge will be on the designating party. Until the Court rules on the challenge, all parties will continue to treat the materials as confidential under the terms of this Confidentiality Order.

8.    *Use of Confidential Information at Trial.* This Order will not prejudice in any way the rights of any party to introduce as evidence at trial or at any hearing any document, testimony, or other evidence subject to this Order that is otherwise admissible, or prejudice in any way the rights of any party to object to the authenticity or admissibility into evidence of any document, testimony, or other evidence subject to this Order. The Court may make such orders as are necessary to govern the use of such documents or information at trial. If

Confidential Information is used in open court during any Court proceeding or filed as a trial exhibit, the material will lose its confidential status and become part of the public record unless the disclosing party applies for and obtains an order from the Court specifically maintaining the confidential status of particular material. Before any Court proceeding in which Confidential Information is to be used, counsel will confer in good faith on such procedures that may be necessary or advisable to protect the confidentiality of any such Confidential Information.

9.        *Confidential Information Subpoenaed or Ordered Produced in Other Litigation.*

(a)      If a receiving party is served with a subpoena or an order issued in other litigation or arbitration that would compel disclosure of any Confidential Information, then the receiving party must so notify the designating party, in writing, immediately and in no event more than three business days after receiving the subpoena or order. Such notice must include a copy of the subpoena or court order.

(b)      This notice requirement affords the designating party an opportunity to protect Confidential Information in the court from which the subpoena or order issued. The designating party will bear the burden and expense of seeking protection in that court, and nothing in this Confidentiality Order should be construed as authorizing or encouraging a receiving party to disobey a lawful directive from a court.

10.    *Obligations on Conclusion of Action.*

(a)      *Order Continues in Force.* Unless otherwise agreed or ordered, this Confidentiality Order will remain in force after termination of this Action.

(b)      *Obligations at Conclusion of Action.* Within 60 days after dismissal or entry of final judgment, the receiving party will return all documents containing Confidential

Information to the designating party, unless the receiving party elects to destroy the documents and certifies to the designating party that it has done so.

(c)    *Retention of Work-Product.* Notwithstanding the above requirements to return or destroy documents, counsel may retain attorney work-product, including an index that refers or relates to Confidential Information. Any retained Confidential Information will continue to be protected under this Confidentiality Order. Counsel will not be required to remove material marked "CONFIDENTIAL – SUBJECT TO CONFIDENTIALITY ORDER" or that are otherwise properly designated as confidential under this Confidentiality Order from any disaster-recovery backup media before their destruction or overwriting in the normal course of business, including any media stored on counsels' firms' data storage, subject to that media's scheduled recycling or destruction under the firms' document retention and destruction policies, provided counsel employs reasonable measures to keep such media secure from public disclosure until its destruction or overwriting.

11.    *No Admissions.* Nothing in this Confidentiality Order or any designation of confidentiality under it, or any failure to make such designation, will be used or characterized by any party as an admission by a party or a party opponent. The parties agree that a designation of information as confidential is not intended to be and will not be construed as an admission that the Confidential Information is relevant to any party's claims or defenses, nor subject to an applicable privilege or protection outside of this Confidentiality Order. Nothing in this Confidentiality Order will be deemed an admission that any particular Confidential Information is entitled to protection under Federal Rule of Civil Procedure 26(c).

12. *Order Subject to Modification.* This Confidentiality Order will be subject to modification by the Court on its own initiative or on motion of a party or any other person with standing concerning its subject matter.

13. *Persons Bound.* This Confidentiality Order will take effect when entered and will bind all counsel of record and their law firms, the parties, their successors and assigns, and persons made subject to this Confidentiality Order by its terms.

14. *Inadvertent Production of Privileged Material.* The inadvertent production of material subject to a claim of attorney-client privilege, attorney work-product, or any applicable privilege or protection will not waive the privilege in this or any other proceeding. If the producing party learns that privileged material has been inadvertently produced, the producing party will give notice in writing to the receiving party of the inadvertent production and the basis for it. Upon receipt of the notice, the receiving party will promptly return, sequester, or destroy the specified material and any copies of it; not use or disclose the information until the producing party's claim is resolved; and take reasonable steps to retrieve the information if the receiving party disclosed the information to third parties before being notified. If the parties dispute the claim of privilege or protection, then the dispute-resolution procedures under Paragraph 7 will apply, but no such dispute will excuse the receiving party's obligations under this paragraph.

IT IS SO ORDERED, this 17 day of July, 2026.

_____s/Tilman E. Self, III_____
Tilman E. Self, III, Judge
United States District Court

Consented to by:

**JOHNSON MARLOWE LLP**

335B Oconee St.
Athens, GA 30601
(706) 425-8740 t
(706) 850-6400 f
spence@johnsonmarlowe.com
will@johnsonmarlowe.com

/s/ Spence Johnson
Spence Johnson
Georgia Bar No. 395469
William O'Bryan
Georgia Bar No. 584851

**ATTORNEYS FOR BRITAIN AUTO GROUP LLC**

2897 North Druid Hills Road
#181
Atlanta, GA 30329
(404) 396-7686 t
jeffbashuk123@gmail.com
stevenlabogado@gmail.com

/s/Jeffrey Bashuk
Jeffrey Bashuk
Georgia Bar No. 041037
Steven Lindenblatt
Georgia Bar No. 556930

**ATTORNEYS FOR CASEY JACKSON AND CASEY JACKSON FORD, LLC**